UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY TAYLOR, and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ENOVA INTERNATIONAL INC., a Delaware registered corporation, and HEADWAY CAPITAL LLC, a Delaware registered company,<br><br>*Defendants*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## **CLASS ACTION COMPLAINT**

Plaintiff Courtney Taylor ("Plaintiff Taylor" or "Taylor") brings this Class Action Complaint and Demand for Jury Trial against Defendants, Enova International Inc., ("Defendant Enova" or "Enova") and Headway Capital LLC ("Defendant Headway Capital" or "Headway Capital") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by sending text messages to consumers with telephone numbers registered on the Do Not Call Registry ("DNC") without consent. The Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Taylor, for this Complaint, allege as follows upon personal knowledge as to herself and her

1

own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by her attorneys.

## PARTIES

1. Plaintiff Taylor is a resident of Aubrey, Texas.

2. Defendant Enova is a corporation registered in Delaware, and headquartered at Chicago, Illinois. Defendant Enova conducts business throughout this District, and the rest of the U.S.

3. Defendant Headway Capital is a limited liability company registered in Delaware, and headquartered at Chicago, Illinois. Defendant Headway Capital conducts business throughout this District, and the rest of the U.S.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants because the Defendants reside and do business from this District.

6. The venue is proper under 28 U.S.C. § 1391(b) because the Defendants reside in this District and the unlawful conduct giving rise to this case was directed by the Defendants from this District.

## INTRODUCTION

7. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful robocalling technology, telemarketers were calling 104 million Americans every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 5.0 billion robocalls were placed in March 2023 alone, at a rate of 161.1 million per day. www.robocallindex.com (last visited April 30, 2023).

13. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

4

**COMMON ALLEGATIONS**

16. Defendant Enova is a financial technology company that provides financial services including loans to consumers and businesses.[3]

17. In July of 2014, Enova launched Headway Capital, a company that Enova fully owns and operates to provide line of credit funding to small businesses:

> *Introduce new products and services*. We plan to attract new categories of consumers and small businesses not served by traditional lenders through the introduction of new products and services. We have introduced new products to expand our businesses from solely single-payment consumer loans to installment loans and line of credit accounts, using our analytics expertise and our flexible and scalable technology platform. In 2012, we launched NetCredit, a longer duration installment loan product for near-prime consumers in the United States, and we launched OnStride Financial, a similar near-prime product, in the United Kingdom in April 2014. In late July 2014, we launched Headway Capital, a pilot program for a new line of credit product in the United States that serves the needs of small businesses. In addition, we intend to continue to evaluate and offer new products and services that complement our online specialty financial services in order to meet the growing needs of our consumers and small businesses.[4]

**HEADWAY CAPITAL**
CREDIT FOR SMALL BUSINESSES

Headway Capital, part of Enova's small business lending focus, is a dedicated small business lender offering revolving **lines of credit** designed to help with everyday small business needs.

With Headway Capital **small business loans**, you can move your business forward today.

**HeadwayCapital.com** | **Read the Blog**[5]

18. Defendant Enova hires and manages employees for its lending brands, including Headway Capital, as per job postings on the Enova website:

---

[3] https://www.linkedin.com/company/enova-international/about/
[4] https://www.sec.gov/Archives/edgar/data/1529864/000156459015001871/enva-10k_20141231.htm
[5] https://www.enova.com/brands/

5

> **Customer Service Representative (Remote)**
> at Enova International (View all jobs)
> Chicago, IL
>
> We are currently only hiring in AZ, IA, ID, IL, IN, MI, MN, MO, NM, NV, UT, WI, and WY
>
> **About the role:**
>
> Enova has several different consumer lending brands, each with their own unique offerings and customer requirements. As a Customer Service Representative, you will become an expert in one particular brand over the course of our 4 week training program. Once you finish our training program, you will primarily be responsible for providing superior customer service and a positive experience to our customers.[6]

19. The Defendants solicit business from consumers using solicitation calls and text messages to sell funding solutions.

20. The Defendants have faced multiple TCPA lawsuits, including Fabricant v. Headway Capital LLC,[7] Fazin v. Enova International Inc,[8] and Cunningham v. On Deck Capital and Enova International Inc.[9]

21. The Cunningham case in-particular alleges that Enova employees sent unidentified text messages that appear to be similar in nature to the text messages that Plaintiff Taylor received.

22. In order to avoid liability for either Defendant Headway Capital or Defendant Enovo, solicitation text messages are sent to consumers soliciting loans without revealing the sender's company name and by creating unregistered entities to hide behind to shield both Defendant's from TCPA liability.

---

[6] https://boards.greenhouse.io/enova/jobs/4984900
[7] 2:2020cv07769
[8] 4:2022cv00075
[9] 1:2020cv10621

23. In Plaintiff's case, the text message did not identify the company name but identified the individual who sent the text message Jason Bay who claims to work for Steady Capital Solutions[10], which is an unregistered corporation with a website only.[11] The SteadyCapitalSolutions.com's privacy policy page[12] lists that it is a "subsidiary of Enovo International, Inc." and shares their information with them.[13] In addition, the CCPA Opt-Out page on SteadyCapitalSolutions.com's privacy page also links to Defendant Headway Capital's CCPA Opt-Out Request Form.[14] It is clear that the individual that texted the Plaintiff is acting on behalf of the Defendants in this case to avoid their TCPA liability.

24. Based upon the above, and upon information and belief, Defendant Enova continues to send out unsolicited text messages to consumers, including text messages to consumers who registered their phone numbers on the DNC, as per Plaintiff's experience.

25. In response to these unsolicited text messages, Plaintiff brings this case seeking injunctive relief requiring the Defendants to cease from violating the Telephone Consumer Protection Act by placing calls to phone numbers that are

---

[10] https://www.linkedin.com/in/jason-bay-a64179180/
[11] https://www.linkedin.com/in/jason-bay-a64179180/
[12] https://web.archive.org/web/20230208014038/https://steadycapitalsolutions.com/privacy-policy-2/
[13] https://web.archive.org/web/20230208014038/https://steadycapitalsolutions.com/privacy-policy-2/
[14] https://web.archive.org/web/20221127052354/https://www.headwaycapital.com/opt-out

7

registered on the DNC without consent, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF TAYLOR'S ALLEGATIONS

26. Plaintiff Taylor is the subscriber and the sole user of the cell phone number ending with 0073.

27. Plaintiff Taylor registered her cell phone on the DNC on October 19, 2004 and she uses it as one would use a landline in a home.

28. The telephone number is not associated with a business.

29. Plaintiff Taylor has owned her cell phone number for over 20 years.

30. On April 24, 2023 at 1:55 PM, Plaintiff Taylor received an unsolicited text message to her cell phone from the Defendants soliciting business funding, from 229-235-0614:



8

31. On April 25, 2023 at 9:17 AM, Plaintiff Taylor received a 2nd unsolicited text message from the Defendants soliciting business funding, again from phone number 229-235-0614:



32. When 229-235-0614 is contacted, Jason Bay identifies himself as an employee working for Steady Capital Solutions.

33. The Privacy Policy for Steady Capital Solutions directs consumers to contact the company at 866-698-8494:



[15]

---

[15] https://steadycapitalsolutions.com/privacy-policy-2/

9



34. 866-698-8494 is associated with Headway Capital. When the phone number is called, it is answered by an automated system on behalf of Headway Capital:

35. In addition, the Privacy Policy for Steady Capital Solutions also directs website users to email Headway Capital directly regarding opting-out of marketing communications:

---

[16] *Id.*
[17] https://www.headwaycapital.com/apply

10



In the context of business to business transactions, the California Consumer Privacy Act and its regulations ("CCPA") give a natural person who is a California resident the right to opt-out of the sale of their personal information by businesses.

You can submit an opt-out request online, by going to our CCPA Opt-Out page. You may also "Opt-Out" by calling us at 866.698.8494. [18]

36. In addition, SteadyCapitalSolutions.com's privacy policy identifies Defendant Enova International as sharing information with.[19]

37. Plaintiff Taylor never provided consent for Defendant Enova or any of its affiliated companies, including Defendant Headway Capital to send text messages to her cell phone number.

38. The unauthorized solicitation text messages that Plaintiff Taylor received from Defendants, as alleged herein, have harmed Plaintiff Taylor in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phones' battery) and the consumption of memory on the phone.

39. Seeking redress for these injuries, Plaintiff Taylor, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

### CLASS ALLEGATIONS

---

[18] https://steadycapitalsolutions.com/privacy-policy-2/
[19] https://steadycapitalsolutions.com/privacy-policy-2/

11

40. Plaintiff Taylor brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendants, or an agent calling on behalf of the Defendants, called/texted more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason that Defendants called/texted Plaintiff.

41. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Taylor anticipates the need to amend the Class definitions following appropriate discovery.

42. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and the Plaintiff is a member of the Class because she

received text messages as part of the same telemarketing campaign resulting in text messages sent to other Class members.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendants' conduct violated the TCPA;

    (b)    whether Defendants sent multiple text messages to Plaintiff and members of the DNC class without first obtaining consent to send the text messages;

    (c)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

44. **Adequate Representation**: Plaintiff Taylor will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in class actions. Plaintiff Taylor has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff Taylor, and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources

to do so. Neither Plaintiff Taylor, nor her counsel have any interest adverse to the Class.

45. **Appropriateness**: This class action is also appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Taylor. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Taylor and the Do Not Call Registry Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

48. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

49. Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

50. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200,

15

as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Taylor, individually and on behalf of the Class, prays for the following relief:

> a.) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Taylor as the representative of the Class; and appointing her attorneys as Class Counsel;
>
> b.) An award of actual and/or statutory damages and costs;
>
> c.) An order declaring that Defendants' actions, as set out above, violate the TCPA;
>
> d.) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and
>
> e.) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Taylor requests a jury trial.

**COURTNEY TAYLOR**, individually, and on behalf of all others similarly situated,

DATED this 20th day of June, 2023.

By: /s/ *Juneitha Shambee*
Juneitha Shambee Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL. 60202
773-741-3602
juneitha@shambeelaw.com
ARDC: 6308145


Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*